IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KEVIN C. MALLARD                          PLAINTIFF

v.            Civil No. 11-2220

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kevin Mallard, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff filed his applications for DIB and SSI on August 21, 2009, alleging and onset date of July 30, 2009, due to manic depression, bipolar disorder, anxiety, post traumatic stress disorder ("PTSD"), lumbar disk problems, short bowel syndrome, and alcoholism. Tr. 10, 19, 178, 186. His applications were denied initially and on reconsideration. Tr. 10, 65-68, 71-83.

An administrative hearing was held on January 5, 2011. Tr. 27-63. Plaintiff was present and represented by counsel. At this time, Plaintiff was 52 years of age and possessed a high school education with one year of college. Tr. 10, 19, 178, 186. Plaintiff was reportedly enrolled in special education classes from Kindergarten through tenth grade, resulting in limited reading and math skills. Tr. 33, 178. He had no past relevant work ("PRW") experience, but had worked as a fast food worker and cafeteria attendant. Tr. 19, 56, 57, 181, 182.

AO72A
(Rev. 8/82)

On April 28, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's short bowel syndrome, chronic obstructive pulmonary disease ("COPD"), degenerative disk disease ("DDD") of the cervical spine, PTSD, mood disorder, and anxiety disorder did not meet or equal any Appendix 1 listing. Tr. 12-14. He found that plaintiff maintained the residual functional capacity ("RFC") to perform

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl; the claimant must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. Further, the claimant can understand, remember, and carry out simple, routine, and repetitive tasks; respond appropriately to supervisors, co-workers, and usual work situations; but can have only occasional contact with the general public.

Tr. 14-19. With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform work as a production worker, machine tenderer, and motel cleaner. Tr. 19-20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 19, 2011. Tr. 1-6. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 11, 12.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the

case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    A.    **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion**:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the ALJ concluded that Plaintiff's short bowel syndrome and DDD of the cervical spine were severe impairments. However, he failed to take into consideration that fact that Plaintiff was prescribed Oxycodone and Methadone to treat his pain, Carbamazepine and Trazodone, to treat his mental impairments, Lopermide to treat his diarrhea, and Temazepam to help him sleep. *See Polaski*, 739 F.2d at 1322 (holding ALJ is required to take into account the dosage, effectiveness, and side effects of all medications prescribed). Oxycodone, generic for OxyContin, is a narcotic analagesic prescribed to treat moderate to severe pain. *See* Federal Drug Administration, *OxyContin - Answers and Questions*, http://www.fda.gov/Drugs/DrugSafety/PostmarketDrugSafetyInformationforPatientsand

4

Providers/ucm207196.htm (last accessed January 24, 2013). Its side effects include lightheadedness, drowsiness, weakness, dizziness, fainting, and loss of consciousness, each of which can be increased when Oxycodone is combined with other narcotic pain medications and antidepressants. *See* Physician's Desk Reference, *Oxycontin*, http://www.pdrhealth.com/drugs/oxycontin (last accessed January 24, 2013). Similarly, Methadone, generic for Dolophine, is an opioid medication that can cause sleepiness, balance issues, and may affect the ability to make decisions, think clearly, and/or react quickly. *See* PHYSICIAN'S DESK REFERENCE ("PDR"), *Dolophine*, http://www.pdrhealth.com/drugs/dolophine (last accessed January 24, 2013). It. *Id*. Carbamazepine i prescribed to treat bipolar disorder, and cause severe fatigue or weakness. *See* PDR, *Carbamazepine*, http://www.pdr.net/drugpages/medicationguide.aspx?mg=10329 (last accessed January 24, 2013). Trazodone is an antidepressant that can also cause sleepiness, dizziness, and blurred vision. *See* PDR, *Trazodone*, http://www.pdr.net/drugpages/medicationguide.aspx?mg=11013 (last accessed January 24, 203\13). Further, Loperamide can also result in dizziness, drowsiness, and fatigue. And, Temazepam, prescribed to treat insomnia, often results in drowsiness, dizziness, and memory loss. *See* PDR, *Restoril*, http://www.pdr.net/drugpages/medicationguide.aspx?mg=5491 (Last accessed January 24, 2013).

We note that Plaintiff testified that his medications "knocked him down." Tr. 53. Given the possible side effects associated with each of these medications, as well as Plaintiff's own reports of side effects, we believe that remand is necessary to allow the ALJ to properly include Plaintiff's medication side effects in his RFC assessment. Clearly, someone prone to experience dizziness and drowsiness should not work near or operate dangerous machinery, including conveyor belts and kitchen utensils and equipment.

The ALJ also failed to properly consider the symptoms associated with Plaintiff's short bowel syndrome. Treatment notes reveal that he suffered from chronic diarrhea and significant abdominal pain. Tr. 188-189, 308-310, 361-367, 382-386, 568-574, 891. Plaintiff testified that he goes to the restroom

5

15-20 times during a 24 hour period. Tr. 41. And, on at least one occasion, he reported to a doctor that he went to the restroom 10 times per day, due to diarrhea. However, the ALJ improperly dismissed his complaints, stating that he did not seek out consistent treatment. We do not agree and feel that remand is also necessary for further evaluation of how Plaintiff's bowel disorder impacted his ability to perform work-related tasks on a daily basis. Since the record does not contain an RFC assessment from Plaintiff's treating doctor, on remand, the ALJ is directed to obtain such an RFC and to properly consider it before making a final determination in this case.

### IV.    Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)